## IN THE CIRCUIT COURT OF COAHOMA COUNTY, MISSISSIPPI

| | |
|---|---|
| MARCO D. STEWART<br>PLAINTIFF,<br><br>V.<br><br>COUNTY OF COAHOMA COUNTY,<br>MISSISSIPPI; CITY OF CLARKSDALE,<br>MISSISSIPPI; JOHN RYBOLT IN HIS<br>CAPACITY AS CONSTABLE AND<br>INDIVIDUALLY; SOLOMON GRAY<br>INDIVIDUALLY; ARTHUR COLEMAN<br>INDIVIDUALLY<br>    DEFENDANTS. | CASE NO.: 14-CI-14-0036 |

### COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW Plaintiff, Marco D. Stewart by and through the undersigned Counsel, and files this action to recover actual and compensatory damages for actions pled herein, and as cause would show this Honorable Court the following:

### JURISDICTION and VENUE

1. Plaintiff Marco D. Stewart (hereinafter "Mr. Stewart") is an adult resident citizen of the City of Clarksdale, State of MS.

2. Defendant County of Coahoma County, Mississippi (hereinafter "County" or "Defendant County") is a political subdivision of the State of Mississippi located in Clarksdale, Mississippi.

3. Defendant City of Clarksdale, Mississippi (hereinafter "City" or "Defendant City") is an incorporated municipality under the laws of Mississippi located in Coahoma County, Mississippi.

4. Defendant John Rybolt is an elected official of Coahoma County, Mississippi (hereinafter "Constable" ) and served as Constable at the time of the incidents herein stated.

5. This Honorable Court has jurisdiction over the parties and subject matter jurisdiction pursuant to Miss. Code Ann. § 11-46-13.

6. Venue is proper in this Honorable Court pursuant to Miss. Code Ann. § 11-46-13.

## FACTS

7. On or about October 19, 2012, at approximately 11:00 a.m., Marco Stewart was arrested at 820 Pecan Street in Clarksdale, MS

8. A warrant for his arrest was issued by Coahoma County Justice Court Judge Kenneth Bush on August 29, 2012 based on an affidavit and Writ of Replevin filed by Tim Phelps of Phelps Bros. Furniture.

9. Mr. Stewart was arrested and relieved of his personal property by Constable John Rybolt, Sheriff's Deputy Solomon Gray, and Officer Arthur Coleman of the Clarksdale Police Department.

10. Mr. Stewart was then taken to the Coahoma County Jail where he languished for two (2) days before being released.

## MISSISSIPPI TORT CLAIMS

11. The allegations contained in the aforementioned paragraphs are incorporated herein as if stated again in full.

12. Defendants are liable to Plaintiff under Mississippi law.

13. Based on the facts and circumstances set forth herein, the Plaintiff is seeking recovery under the following state law causes of action: negligent failure to train; negligent supervision; negligent infliction of emotional distress; false imprisonment; malicious prosecution; abuse of process; defamation; and the tort of false light.

14. Neither of the Defendants may claim immunity under the provisions of Miss. Code Ann. Sec. 11-46-9 (1)(c), (j), nor of any other subparagraph of Sec.11-46-9 (1).

### NEGLIGENT SUPERVISION/TRAINING

15. The allegations contained in the aforementioned paragraphs are incorporated herein as if stated again in full.

16. The County of Coahoma had a duty to provide sufficient training and instructions to Sheriff's Deputies to properly carry out their duties.

17. Constable John Rybolt had a duty to attend sufficient training to carry out his duties beyond serving papers under the penalty of law.

18. The City of Clarksdale had a duty to provide sufficient training and instructions to Municipal Police Officers to properly carry out their duties.

19. The City of Clarksdale had a duty to provide sufficient training and instructions to Municipal Police Officers to properly carry out their duties.

20. By not providing training to the officers, the County of Coahoma, the Constable, and the City of Clarksdale through their employees acting within the scope of their employment, negligently inflicted mental anguish and emotional distress on Marco Stewart.

21. By not providing training to the officers, the County of Coahoma, the Constable, and the City of Clarksdale through their employees acting within the scope of their employment, negligently caused the false arrest and false imprisonment of Marco Stewart.

## FALSE ARREST AND IMPRISONMENT

22. The allegations contained in the aforementioned paragraphs are incorporated herein as if stated full.

23. Individual Defendants, Constable John Rybolt, Sheriff's Deputy Solomon Gray, and Officer Arthur Coleman of the Clarksdale Police Department caused Marco Stewart to be arrested falsely, unlawfully, maliciously, and without probable cause.

24. Individual Defendants, Constable John Rybolt and Sheriff's Deputy Solomon Gray caused Marco Stewart to be imprisoned falsely, unlawfully, maliciously, and without probable cause.

25. The arrest and imprisonment of Marco Stewart for an alleged non-payment of debt violated MS Const. Art. 3, § 30.

## DEFAMATION

26. The allegations contained in the aforementioned paragraphs are incorporated herein as if stated again in full.

27. Defendants' actions defamed the Plaintiff's reputation.

28. Moreover, Defendants' actions put the character of the Plaintiff in a false light.

## VICARIOUS LIABILITY

5) Acting under the color of Mississippi law and the policies of the County of Coahoma and the City of Clarksdale, the County and the City deprived Marco Stewart of his civil rights, including the right to be free from cruel or unusual punishment, unlawful arrest, unlawful imprisonment, and intimidation.

6) Acting under the color of Mississippi law and the policies of the County of Coahoma and the City of Clarksdale, Defendant County and Municipality negligently inflicted mental anguish and emotional distress on Marco Stewart.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff seeks and demands judgment against the County of Coahoma and the City of Clarksdale, Mississippi as follows:

1. An award of damages pursuant to the state law claims under the Mississippi Tort Claims Act of $500,000;

2. An award of compensatory damages pursuant to claims brought under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 in the amount to be determined by the trier of a fact, but not less than $5,000,000;

3. An award of all interests—including prejudgment interests—associated with this action;

4. An award of punitive damages against the individual defendants of no less than $100,000; and

5. Such other and further relief that this Honorable Court deems appropriate, just and proper.

RESPECTFULLY SUBMITTED, this day, 16 April 2014.

By: _____
Melvin D. Miller, II, MSB 10835

PITTMAN & ASSOCIATES, PLLC
Post Office Box 1670
123 Sharkey Avenue
Clarksdale, MS 38614
Tel: (662) 624-6680
Fax: (662) 627-6791